J-A14001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN LLOYD, | |
| Appellant | No. 2206 EDA 2016 |

Appeal from the Judgment of Sentence Entered June 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002896-2016

BEFORE:  BENDER, P.J.E., BOWES, J., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 16, 2017**

Appellant, Stephen Lloyd, appeals from the judgment of sentence 2½-5 years' imprisonment, imposed following the trial court's revocation of his parole and future-effective probation for technical violations.  Herein, Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

In February of 2016, Appellant was caught stealing $180 worth of merchandise from a retail store in Philadelphia.  The details of that crime are not germane to the instant appeal.  However, on April 14, 2016, Appellant entered a negotiated guilty plea to retail theft before the trial court.  Trial Court Opinion (TCO), 10/7/16, at 1.  The court sentenced Appellant, in accordance with the negotiated plea, to 11½-23 months' incarceration, and a consecutive term of 4 years' probation.  *Id.*  Appellant was immediately

paroled as part of his plea deal. *Id.* However, as a condition of his probation and future-effective probationary term, Appellant was also ordered to immediately enter into an inpatient drug treatment program. Ultimately, Appellant did not comply with that condition, among others.[1] *Id.* at 1-2. Consequently, "Probation Officer Russell Gamble filed a Gagnon II report indicating that [Appellant] had failed to comply with the terms of his probation." *Id.* at 1.

Subsequently,

[o]n June 16, 2016, [Appellant] appeared in front of th[e trial c]ourt for a Violation of Probation hearing, where testimony from Probation Officer Michelle Clancey, as well [as Appellant], confirmed the information in Officer Gamble's report. After reviewing the facts as set forth by the probation department, th[e trial c]ourt found [Appellant] to be in direct violation of his probation. Th[e trial c]ourt revoked [Appellant]'s probation and issued a new sentence of two and one half (2.5) to five (5) years of confinement. [Appellant] subsequently filed a timely Notice of Appeal to the Pennsylvania Superior Court. On September 2, 2016, [Appellant] field a [Pa.R.A.P. 1925(b) statement], alleging that th[e trial c]ourt abused its discretion [by] issuing an unreasonable sentence. On September 6, 2016, [Appellant] filed a [s]upplemental [s]tatement alleging that th[e trial c]ourt erred in that it: abused its discretion in issuing an unreasonable sentence; failed to balance the gravity of the offense and protection of the public with [Appellant]'s rehabilitative needs; failed to abide by the requirement of 41 Pa.C.S. § 9771(c); and, failed to order a pre-sentence[] report without stating the

---

[1] As detailed in the trial court's opinion, on April 20, 2016, Appellant failed to report to a van service for transportation to the inpatient drug-treatment facility, and then subsequently failed to report to the probation department several times over the following six weeks. *Id.* at 2. Appellant also tested positive for cocaine when he finally did report on June 3, 2016 (although Appellant did self-report his relapse in this regard). *Id.*

reasons for not ordering said report on the record. Upon review of the record, th[e trial c]ourt concedes that it erred in failing to state the reasons for dispensing with a pre-sentence report.

*Id.* at 2-3.

The trial court filed its Rule 1925(a) opinion on October 7, 2016. Appellant now presents the following questions for our review:

1. Did not the [trial] court violate [42 Pa.C.S. § 9721(b)] and impose an unreasonable sentence of two-and-a-half to five years for technical violations of probation by failing to balance the gravity of the violation with [A]ppellant's rehabilitative needs?

2. Did not the [trial] court violate [42 Pa.C.S. § 9771(c)] by imposing a sentence of total confinement for technical violations of probation where [A]ppellant had not been convicted of a new crime, took responsibility for his relapse, and continued attempts to attend drug treatment?

3. Did not the [trial] court abuse its discretion by failing to order a pre-sentence investigation [report ("PSI"),] where the hearing record contains no indication that the lower court had the "essential and adequate" information that would be contained in one?

4. Did not the [trial] court abuse its discretion by failing to list its reasons for not ordering a [PSI] on the record, as required by the Pennsylvania Rules of Criminal Procedure?

Appellant's Brief at 3-4.

All of these claims concern the discretionary aspects of Appellant's sentence. *See Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (recognizing a claim that the trial court failed to consider a defendant's rehabilitative needs, at the expense of other 42 Pa.C.S. § 9721(b) factors, implicates the discretionary aspects of sentencing); *Commonwealth v. Schutzues*, 54 A.3d 86, 95 (Pa. Super. 2012) (holding that "[d]espite the mandatory language of § 9771(c), it is evident from

[pertinent case law] that application of § 9771(c)(2) and (3) requires an exercise of discretion by the trial court"); *Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa. Super. 2008) (holding "a claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate review is exceptionally limited").

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super.2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912-13.

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id.*

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

Instantly, Appellant filed a timely notice of appeal, and provided this court with a Pa.R.A.P. 2119(f) statement in his brief. In that statement, he asserts that each of his claims present a substantial question for our review. Appellant's Brief at 12-14. Appellant raised his first claim in a post-sentence motion. *See* Appellant's Petition to Vacate and Reconsider Sentence, 6/24/16, at 2 ¶4. Moreover, Appellant's first claim raises a substantial question for our review. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (holding the argument that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense[,] and the rehabilitative needs of" the appellant, raises a substantial question).

The Commonwealth argues that Appellant's remaining claims, which concern the trial court's purported failure to adhere to the dictates of 42 Pa. C.S. § 9771(c),[2] and the court's failure to order a PSI, were not preserved at

_____

[2] Section 9771(c) provides as follows:

**(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

*(Footnote Continued Next Page)*

- 5 -

the sentencing hearing, nor in Appellant's post-sentence motion. ***See Moury***, ***supra***. After reviewing the record, we are compelled to agree. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, Appellant's second, third, and fourth claims are waived.

Appellant's first claim must be analyzed under an abuse of discretion standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

Appellant asserts that the trial court failed to balance his rehabilitative needs against the "minor nature of the technical violation of supervision[,]" which led to the revocation of his parole and probation. Appellant's Brief at 16. Appellant argues that:

*(Footnote Continued)* ────────────

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

- 6 -

[Appellant] missed his intake appointment at the Coatesville VA Medical Center, reported to probation inconsistently, and tested positive for cocaine. He also re-scheduled his intake appointment well before the August status of compliance court date, kept in contact with the probation department, and took independent steps to address his relapse.

Considering these relatively minor violations, balanced with Mr. Lloyd's need for drug treatment, the lower court's sentence is manifestly unreasonable and excessive. This is especially so considering that the lower court could have revoked Mr. Lloyd's parole and ordered him to serve back[-]time while participating in the county prison drug treatment program, among other more appropriate alternatives, rather than immediately resorting to state incarceration. Therefore, it was an abuse of discretion to re-sentence Mr. Lloyd to a period of total confinement over twice the length of his initial prison sentence for technical violations of probation.

Appellant's Brief at 16-17 (footnote omitted).

In response to this claim, the trial court stated:

In the present case, [Appellant] pled guilty to Retail Theft under 18 Pa.C.S. § 3929 (a)(1), a felony of the third degree punishable by up to seven (7) years confinement. 18 Pa.C.S. § 1103. Therefore, the new sentence of two and one half (2.5) to five (5) years confinement falls squarely within the statutory maximum. This [c]ourt had ample reason to believe that [Appellant] will commit another crime if he is not imprisoned-- his prior record, consisting of thirty two (32) Retail Theft convictions, and his lack of commitment to getting treatment for his substance abuse problem both indicate that it is likely he will re-offend. Further, this [c]ourt gave the [Appellant] a chance to voluntarily seek treatment. By failing to do so, he exhibited a lack of respect for this [c]ourt, necessitating a vindication of its authority.

Contrary to [Appellant]'s assertions, this [c]ourt did in fact balance [Appellant]'s rehabilitative needs with the need to protect the community and the gravity of his offenses. After listening to testimony at the VOP hearing, this [c]ourt specifically stated that "I believe you need some serious help," but that "I believe that if I did send you or take you to the VA... you'd walk

> in the front door and walk out the back. I really believe that. So this is a last ditch effort " N.T. 6/16/2016 at 15-16.

TCO at 4-5.

We ascertain no abuse of the trial court's sentencing discretion. First, Appellant was originally sentenced to a term of 11½-23 months' incarceration, with a probationary tail of four years. His new sentence of 2½-5 years' incarceration is an increase of approximately 1½ - 3 years' incarceration, but has no corresponding probationary tail. On its face, this is an incremental and measured increase in punishment due to Appellant's violation of the terms of his probation and parole, not as drastic of a change as Appellant suggests.

Second, Appellant's record of 32 prior convictions for retail theft, without anything more, sufficiently indicates to this Court, as it did to the trial court, that he has not been amenable to prior rehabilitative efforts by the courts. Furthermore, Appellant failed to take advantage of the trial court's leniency, violating multiple conditions of his parole and probation within only a few months of his release from incarceration.

Finally, we agree with the trial court that Appellant's repeated technical violations, occurring within such a short time after his release, demanded a response by the court in terms of an escalation of criminal sanctions, in order to vindicate the authority of the probationary sentence imposed, as well as the conditional granting of parole to Appellant. For these reasons, we ascertain no manifest unreasonableness, partiality,

prejudice, bias, or ill-will in the court's resentencing decision. Accordingly, we conclude that Appellant's first, and only non-waived claim, lacks merit.

Judgment of sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017